IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JAN -6  P 2: 57

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| SANDY ELIZABETH GINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 111-151 |
| ) | |
| SOCIAL SECURITY BENEFITS, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se* on September 13, 2011, challenging the denial of her application for "SSI Disability." (Doc. no. 1.) On September 27, 2011, this Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") (doc. no. 2), but directed her to submit an amended complaint within fifteen days naming Michael J. Astrue, the Commissioner of the Social Security Administration, as the proper Defendant if she intended to appeal the denial of social security benefits. (Doc. no. 3.) Plaintiff was warned that failure to comply with the September 27th Order could result in a recommendation that her case be dismissed. (Id. at 2.) When Plaintiff failed to amend her complaint or otherwise respond within the allotted time, the Court granted her a fourteen-day extension of time in which to amend her complaint and again warned her that failure to comply may result in the dismissal of her case. (Doc. no. 4.) Plaintiff again failed to respond.

On December 13, 2011, the Court afforded Plaintiff fourteen additional days to show cause why her case should not be dismissed for failure to prosecute, warning Plaintiff that it

would undoubtedly recommend that her case be dismissed if she did not respond to the show cause Order. (Doc. no. 5.) Plaintiff has now three times been warned that failure to amend her complaint could result in the dismissal of her case. However, she has not responded to the Court's Orders in any way.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to amend her complaint, to respond to the Court's Orders, or to communicate with the Court amounts

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

not only to a failure to prosecute, but also an abandonment of her case.[2] This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file her case and pursue it.

Therefore, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice under Loc. R. 41.1 for want of prosecution and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of January, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Indeed, as previously explained in the Court's December 13th show cause Order, Plaintiff has neither amended her complaint to clarify whether she intends to sue for the denial of her social security disability benefits, nor has she provided sufficient information on the history of the administrative review of her claim such that the Court can determine that her claim is appropriately in federal court. (Doc. no. 5, p. 2, n.1.)

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3